Dallett v. Staten Island Clay Co.

JOHN DALLETT et al.

*v.*

STATEN ISLAND CLAY COMPANY et al.

[Filed January 22d, 1901.]

1. If moneys in the hands of a trustee are paid out by it upon the order of the court of chancery, made on the consent of the persons interested in the trust, the court will not, upon the application of those persons, compel the trustee to accept the moneys from those to whose hands they have come, or to assume any duty in respect thereto, without its consent.

2. Buildings on lands of a corporation, mortgaged to a trustee for the security of bondholders, were burned while the company was in the hands of receivers, who were continuing its business. The trustee received moneys from insurance companies for loss, the policies being payable to the trustee. Afterwards the court, with the consent of the complainants, who were bondholders, ordered the trustee to pay the insurance moneys so received to the receivers. They afterwards conveyed the assets of the insolvent corporation, with the sanction of this court, to a new corporation, and paid to the latter the said insurance moneys. The new corporation expended part of such moneys in rebuilding the buildings destroyed by fire. They failed to complete the buildings because the banks in which they had deposited those moneys in special accounts had appropriated them to the company's indebtedness. In the absence of allegations of any express contract made by the new company with the receivers in respect to the insurance moneys, or of any facts from which an implied contract would be inferred—*Held*, (1) that a decree that the new company should account for the unexpended moneys and pay them over to the original trustee would not be warranted; (2) that a decree that the new company should specifically apply those moneys to the rebuilding would be equally unwarranted.

On demurrer.

The bill demurred to was filed by holders of twenty-five bonds of the Staten Island Terra Cotta Lumber Company, which bonds are part of an issue of three hundred and fifty bonds of $1,000 each, issued by the said company and secured by a first mortgage on real and personal property of the said company, made by it to the Fidelity Title and Deposit Company.

The bill charges that the terra cotta company was incorporated under the laws of this state and purchased real estate and a manufacturing plant in Middlesex county, and engaged in manufacture there; that about March 30th, 1895, John V. Bacot and J. Edward Addicks were appointed by this court receivers of the said company and carried on its business under the direction of this court until October 9th, 1897; that about July 2d, 1897, said Addicks submitted to this court an offer to buy all the property and assets of the company in the hands of the receivers, and on July 3d, 1897, the court ordered the acceptance of the offer and the conveyance by the receivers of the assets of the terra cotta company to him; that about August 19th, 1897, part of the factory property was destroyed by fire; that policies of insurance were in force covering the said loss

by fire, and payable to the Fidelity Title and Deposit Company as trustee; that there was paid on December —, 1897, to the said trustee, for the loss by the said fire, $58,000; that the said Addicks caused the Staten Island Clay Company to be incorporated under the laws of this state on September 9th, 1897, for the purpose of taking over the assets of the terra cotta company and conducting the business before carried on by the receivers; that on September 9th, 1897, he assigned to the said clay company all his rights under his offer to purchase and this court's order of acceptance thereof; that pending the arrangement to transfer the property and assets of the terra cotta company to the clay company, Bacot, one of the receivers of the terra cotta company, Record, counsel for the receivers, and one John A. Miller, made representations to the complainants to the effect that the sum of $58,000 paid by the insurers to the Fidelity Title and Deposit Company as trustee would be used, under the terms of the mortgage, in rebuilding the portion of the plant destroyed by fire and that the money, if expended by the clay company under their direction, would be more economically expended than would be done by the trustee under the mortgage, which induced complainants to agree with the receivers and the clay company in securing the payment to the receivers, and by them to the clay company, of the insurance moneys to be expended in such rebuilding; that on September 23d, 1897, said receivers petitioned this court for an order directing the Fidelity Title and Deposit Company as trustee to pay them the insurance moneys in the said company's possession, and notice of that application having been given to the complainants, they, relying on the representations of Bacot, Record and Miller, consented in writing, by consents produced in open court, to an order directing such payment, which order was thereupon made, and in pursuance thereof, on December —, 1897, said insurance moneys were paid by the Fidelity Title and Deposit Company to the said Bacot and Addicks, receivers, and by them immediately paid to the clay company; that at the time said money was received by the clay company, Bacot, Record and Miller were three of the directors of that company; that the said insurance moneys

were deposited by the clay company in different banks in separate accounts and not mingled with its other funds on deposit; that the said company applied some of the moneys so deposited, to the reconstruction of the buildings destroyed by fire, and continued such reconstruction until it had expended some $12,000 out of the same, and thereafter, for reasons set forth in the bill and not necessary to detail, the banks applied the said insurance moneys remaining on deposit with them to the payment of promissory notes of the clay company held by them, and refused to further honor the drafts of the clay company thereon; and that the said clay company has failed to complete the said buildings, which remain unfinished.

The prayer of the bill is that the clay company and the Fidelity Title and Deposit Company, trustee, may answer; that the clay company may be ordered and directed to account for the said insurance moneys given into its hands, and may be decreed to pay all such moneys, unexpended in the rebuilding of the burned portion of the plant, to the Fidelity Title and Deposit Company, and there is a prayer for general relief.

*Mr. Sherrerd Depue,* for the demurrer.

*Mr. Albert C. Wall, contra.*

MAGIE, CHANCELLOR.

The first question presented by this demurrer is whether, upon the facts charged in the bill, the special relief demanded by the prayer be granted.

It is first to be observed that the bill discloses no claim for such relief under the Fidelity Title and Deposit Company, the original trustee, holding the mortgage securing complainants' bonds.

It is assumed by the argument that the trustee, upon the receipt of the insurance moneys in question, was bound in duty to the bondholders to expend them in rebuilding the portion of the plant which had been destroyed by fire. I find no express statement in the bill, that by the terms of the mortgage a duty so to do was cast upon the trustee. In the absence of

such terms in the mortgage it may be questionable whether it can be asserted that the duty of rebuilding necessarily followed the receipt of the insurance money.

But the bill has not been framed in a manner to assert any original right or to enforce any original duty, whatever it might have been, of the trustee, under the mortgage. It is not asserted that the trustee has been requested to take any steps in the performance of such duty, nor have other bondholders been called into the case. They may not consent to the assertion of duty made by the complainants, and they are equally interested in the disposition of the fund in question.

Moreover the bill discloses that the right of the trustee to these funds has ceased by the consent of the complainants. There is no charge that the court lacked jurisdiction to make the order directing the trustee to pay over the funds to the receivers, and the bill discloses an express assent not only to the order which directed such payment, but to the subsequent actual payment of the fund to the receivers. It is obvious that when the trustee made such a payment, with the express consent of the complainants, it instantly became discharged of any duty with respect to the funds.

If, therefore, the relief specially prayed for may be granted, it must be because the facts disclose some relation between complainants as holders of their bonds and the clay company, which relation would entitle them to require the clay company to account for the insurance moneys which were paid to them by the receivers, and to pay over such part of them as have not been expended in rebuilding to the original trustees. In this respect, it is to be noticed that there is no allegation that the trustee is ready or willing to assume any duty in respect to the funds in question. In the absence of its consent to accept those funds and become charged with some duty in respect thereto, I know of no power in this court to compel the trustee to do so.

I am unable to discover in the charges of the bill the existence of any relation between the complainants and the clay company which will justify the special relief applied for as to it. No such relation arose by reason of the complainants con-

Dallett *v.* Staten Island Clay Co.

sent to the payment of the insurance moneys to the receivers, being induced by the representations or promises in respect to its future use, made by Bacot, Record or Miller, unless it is made to appear that in making such representations or promises, they were acting for the company, or by its authority. The charge that those persons afterward appeared as three of the directors of the company would not support an inference that their action was that of the company, or authorized or permitted by it. Nor did any obligation on the part of the clay company arise out of the mere receipt of the insurance money from the hands of the receivers. By the statements of the bill, the clay company became entitled to take the assets of the terra cotta company from the receivers, under the offer of Addicks and the order of the court. The insurance moneys, when paid by the receivers under a like order of this court, were apparently discharged of the trust. The receivers, in paying those moneys to the clay company, might perhaps have required the company to obligate itself to expend them in rebuilding. But the bill discloses no obligation then entered into by the company. If any such obligation could be inferred, it is impossible to discover any ground for compelling that company to account for and pay over to the other defendant the moneys unexpended by it in rebuilding.

Under the prayer for general relief complainants ask for a decree for specific performance of an obligation on the part of the clay company to appropriate the insurance moneys to the rebuilding of the burned portion of the plant. If such relief can be deemed germane and appropriate under the allegations of the bill, I do not think it can be granted, for the reason that upon those allegations no obligation of that sort is disclosed or to be inferred.

The result is that the demurrer must be sustained and the bill dismissed.